**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**KEVIN FALGOUT**                                         **CIVIL ACTION**

**VERSUS**                                                **No. 08-5088**

**MID STATE LAND & TIMBER COMPANY, ET AL**    **SECTION "B" (2)**

**ORDER AND REASONS**

Before the Court is Plaintiff Kevin Falgout's("Plaintiff") Motion to Remand (Rec. Doc. No. 8). Defendants' Apache Corporation and Apache Louisianan Minerals, Inc. ("Apache defendants")filed a Memorandum in Opposition to said motion(Rec. Doc. No. 9). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED**.

*BACKGROUND*

On December 31, 2007, Plaintiff was injured when the boat in which he was a passenger hit a tree that had fallen in Bayou Chauvin. Plaintiff alleges that the Apache defendants and/or Mid State Land and Timber Company ("Mid State") owned, leased and/or controlled the tree and land from which the tree fell and that they failed to take measures to warn boaters of its presence. Plaintiff filed suit against the Apache defendants and Mid State on October 31, 2008. On December 5, 2008, this matter was removed to this Court on grounds of diversity jurisdiction under 28 U.S.C. § 1332. On December 23, 2008, the Apache defendants filed a Third-Party

Complaint against Timothy Falgout ("Falgout") for his alleged negligent operation of the boat that caused the allision, which injured Plaintiff. Plaintiff has filed the instant Motion to Remand alleging that no diversity existed at the time of initial removal of this matter, and that alternatively, that addition of Falgout, a Louisiana resident, has destroyed complete diversity jurisdiction.

Plaintiff contends that there is no diversity in this case because Apache Louisiana Minerals, Inc., one of the Apache defendants, has its principal place of business in Louisiana. Specifically, Plaintiffs argue that Apache Corporation publishes an employee newsletter called "Arrows" and the following was found in the March 2006 newsletter published on Apache's website:

> "Apache-Louisiana Minerals Inc. owns 267,000 acres of fee lands in the coastal Louisiana parishes of Cameron, Vermilion, Iberia, Terrebonne and Lafourche. Not your typical Apache operation, the staff, based in Houma, La., primarily focuses on surface management of these vast land holdings, including maintenance programs, posting and patrolling operations, monitoring development activities, and handling a multitude of surface leases including hunting, fishing, trapping and alligator harvesting." (Rec. Doc. No. 8, pg. 2)

Moreover, Plaintiff argues that the address listed for Apache Louisiana Minerals, Inc. in various business directories is 1913 La Terre Ct, Houma, LA 70363.

Alternatively, Plaintiff asserts that diversity jurisdiction was destroyed when the Apache defendants filed its Third-Party Complaint against Falgout, a Louisiana resident. Falgout is on the opposite side of this action and therefore, complete diversity is destroyed because parties on opposite sides of the lawsuit are citizens of the same state.

The Apache defendants claim that Apache Louisiana Minerals is not a citizen of Louisiana as it is incorporated in Delaware and its principal place of business in Texas. The Apache defendants admit to having a small office in Houma, Louisiana, but assert that its principal place of business is in Texas where all of its directors and officers are located. This contention is supported by the records of the Louisiana Secretary of State's office, which lists Delaware as the place of domicile and the principal place of business as a Houston, Texas address.

Additionally, the Apache defendants argue that the addition of a Louisiana resident as a third-party defendant does not destroy this Court's subject matter jurisdiction since diversity existed at the time of removal. In the event that it does, the Apache defendants argue that there is an alternative basis for jurisdiction because this Court has admiralty jurisdiction under 28

U.S.C. § 1333.

## *DISCUSSION*

**A. Standard for Remand**

A defendant may remove a civil action pending in state court if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). However, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a case lacks subject matter jurisdiction, remand is permitted at any time before final judgment. 28 U.S.C. §1447(c); *Doddy v. Oxy USA.*, 101 F.3d 448, 456 (5th Cir. 1996). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* at §1447(e). The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989).

**B. Citizenship of Apache Louisiana Minerals, Inc.**

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." *See* 28 U.S.C. § 1332. A corporation is considered to be a citizen of the state that it has been incorporated and where it has its principal place

4

of business. *See* 28 U.S.C. § 1332(c)(1); *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006). The burden of proof is on the party invoking federal jurisdiction if diversity is challenged. *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, et al. 588 F.2d 431, 433(5th Cir. 1979). "The Fifth Circuit adopted the 'total activity' test as the legal standard for determining the principal place of a corporation" and "it calls for a 'thorough review' of the total corporate activity." *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979) (*citing Soil Pipe Co. v. Central Foundry Co.*, 329 F.2d 313 (5th Cir. 1964)).

Plaintiff asserts that Apache Louisiana Minerals, Inc., one of the Apache defendants, has its principal place of business in Louisiana because of a employee newsletter that states that it owns 267,000 acres of fee lands in the coastal Louisiana and because its office in Houma, Louisiana manages these vast land holdings. Additionally, the Houma address is listed in several directories. The Apache defendants counter this argument by asserting that its principal place of business is in Texas where all of its directors and officers, the ultimate decision makers, are located.

The Apache defendants rely on *Village Fair*, 588 F.2d at 434 and *Kelly Investment, Inc. v. Continental Common Corp.*, 2001 WL 686904 (E.D. La. June 05, 2001), where both courts found the corporations' principal place of business to be in the state where the business and financial decisions were made, despite owning real

estate in other states. Considering the total activity test referenced above, the Court finds the same to be true here. While Apache Louisiana Minerals, Inc. has an office in Houma, Louisiana and owns land in Louisiana, this alone does not indicate that the principal place of business is located there. Rather, Texas is the place where the decisions are made and where the officers and directors are located. Moreover, the Secretary of State lists the principal business office as being located in Houston, Texas. Therefore, the Court finds that Apache Louisiana Minerals is *not* a citizen of the State of Louisiana.

## C. Addition of Non-Diverse Defendant

Plaintiff contends that the addition of Falgout as a third-party defendant destroyed complete diversity. The Apache defendants argue that jurisdiction is determined at the time of removal and that the subsequent addition of a non-diverse defendant does not destroy diversity jurisdiction. They cite *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004), where a party's post-filing change in citizenship did not defeat diversity jurisdiction. However, the facts in *Grupo* are dissimilar to the facts in the present case because it involved a suit where at the time of removal the parties were diverse, but a subsequent change in citizenship resulted in parties on different sides of the action becoming citizens of the same state. In the case at bar, there has been no subsequent change in citizenship, but rather, an additional

6

non-diverse party has been brought into the cause of action. Moreover, jurisprudence dictates that when a non-diverse party is brought into the action, complete diversity is destroyed and the case should be remanded. *See Doleac, v. Michalson*, 264 F.3d 470 (5th Cir. 2001) (stating that most post removal developments-amendments of pleadings below jurisdictional amount or change in citizenship of a party will not divest the court of jurisdiction, but an addition of a non-diverse defendant will).

The Apache defendants also rely on *Williams v. Keyes*, 125 F.2d 208 (5th Cir. 1942), *cert. denied*, 316 U.S. 699 (1942). In *Keyes*, the court ruled that federal jurisdiction was not destroyed by the addition of third-party defendants who were citizens of the same state of the plaintiff since at the time of removal, the case stood "bona fide as one between resident plaintiffs and a single non-resident defendant." *Id.* at 209. Central to the court's decision was the fact that the third-party complaint against the third-party defendants was merely ancillary to the principal suit between the plaintiff and defendant. This proposition was explained in *Akers Motor Lines, Inc. v. Newman*, 168 F.2d 1012 (5th Cir. 1948), where the court found a lack of subject matter jurisdiction where the plaintiff was a citizen of Georgia and the defendant filed a third-party complaint against citizens of Georgia. The court distinguished *Keyes* as a case "where a third-party complaint is merely ancillary or subordinate to the principal suit between

7

plaintiff and defendant." *Id.* at 1013. The court further stated that:

> [it] refused to countenance an anomaly of construction which would permit non-resident defendants, after causing suits against them to be removed into the Federal courts, to force a plaintiff, through third-party proceedings under Rule 14(a) to litigate against residents of his own state whom he has not elected to sue.

*Id.* This too is not a case where the third-party complaint is merely ancillary to the principal suit. As such, *Keyes* is inapplicable to the case at bar and the Court finds that the addition of Falgout does destroy complete diversity in this case since he and Plaintiff are both citizens of the State of Louisiana.

**D. Independent Ground for Jurisdiction**

The Apache defendants argue that there are two distinct grounds for subject matter jurisdiction in this case: diversity jurisdiction and admiralty jurisdiction. (Rec. Doc. No. 9, pg 6). Hence, even if the addition of Falgout into the suit destroyed diversity jurisdiction; the Court still has admiralty jurisdiction since Plaintiff's Petition for Damages asserts a maritime claim against Defendants. *Id.* The Apache defendants rely primarily on *Williams v. M/V Sonora*, 985 F.2d 808 (5th Cir. 1993), where the court decided to maintain jurisdiction over the admiralty law claims even after the dismissal of the foreign sovereign, which was the basis of removal to federal court.

In *Williams*, plaintiffs filed suit against defendant Petroleos Mexicanos in state court. *Id.* at 810. Petroleos Mexicanos moved the action to federal court under the Federal Sovereign Immunities Act. *Id.* Once in federal court, the magistrate found that all claims against Petroleos Mexicanos should be dismissed for lack of subject matter jurisdiction and the district judge adopted the magistrate's ruling. *Id.* Once Petroleos Mexicanos, the foreign sovereign, was dismissed, the Court resolved the remaining claims on summary judgment. *Id.* The plaintiffs appealed alleging that the case should have been remanded once the foreign sovereign was dismissed from the action. *Id.* 810-11. The Fifth Circuit held that the district court did not abuse its discretion in resolving the remaining claims because the court had an independent basis for jurisdiction under admiralty jurisdiction. *Id.* at 811. The court clarified the standard by which the district court's actions must be measured in cases involving foreign sovereigns:

> When the foreign sovereign is found to be immune and the source of federal removal jurisdiction is thereby withdrawn from the case, the district court is free to exercise its discretion to remand the remaining defendants to state court, and in most instances will not doubt do so.

*Id.* (*quoting Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371 (5th Cir. 1980)). Using that standard, the court found that in discretionary matters, reversal is only appropriate in instances of abuse. *Id.* at 812. The court did not find abuse of discretion

where "the case had been pending for over sixteen months and the magistrate had issued a ruling, making the case ripe for decision." *Id.* The court also noted that where the court had a separate ground for jurisdiction due to the maritime claim, the court had even greater leeway to maintain the case. *Id.* "The rationale behind deference in this regard is to avoid relitigation, and needless waste of precious judicial resources" and "retention of jurisdiction in this case forwarded these noble goals." *Id.*

In the case at bar, the considerations that disfavored remand in *Williams*, do not exist here. This case has only been pending for a few months and there has been no rulings or recommendations making this case ripe for decision. There is also little to no discovery that has been conducted in this case and therefore, there is no waste of judicial resources. Moreover, Williams did not rule that where there is a separate ground for jurisdiction, the court *must* maintain jurisdiction over the case. Rather, the court in *Williams* stated that where there is a separate ground for jurisdiction, the court has "*greater leeway*" in deciding whether to remand the case. Hence, even if there is a separate ground for jurisdiction, it serves as only a factor in considering whether to remand.

Furthermore, *Williams* involved a situation where the foreign sovereign had been removed, eliminating the basis for federal jurisdiction under the Federal Sovereign Immunities Act. This case

is dissimilar in the sense that it involves diversity jurisdiction, and once destroyed, it is governed by 28 U.S.C. §1447(e), which specifically directs the court to remand if an additional party destroys complete diversity. Nonetheless, the Court has deference regarding remand and this Court specifically finds that this matter should be remanded back to the State court.

Accordingly,

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana, this 14th day of July, 2009.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE